The plaintiff avers in his declaration that he is the owner of a certain lot of land and premises on Sixth street southwest and north of Virginia avenue, in the city of Washington, and that the defendant on the 10th of June, 1872, without the assent of the plaintiffs, extended and laid its track from said Virginia avenue along said Sixth street, and by the said laud and premises of the plaintiffs, and injured and depreciated the value thereof, and failed and neglected to pay the damages which the property sustained by reason of the laying of the said track; and that the defendant did not cause to be ascertained the said damage in manner and form as prescribed by an act of Congress of May 21,1872, which authorized the defendant to lay its track along said street upon paying any damage to the owners of the property which they might sustain by reason of the said track; and the said damage was directed tobe ascertained in the manner provided for by the act of Congress approved February 5, 1867. The second section of the last act provides that if the company cannot agree with the owners as to the matter of damage, the company may apply to a justice of the peace, who shall issue his warrant to the marshal to summon a jury to value the dam *363 ages which are to be paid to the owner of the property. The declaration concludes by averring that defendant has neglected to pay the said damages, or to have the same ascertained as prescribed by the said acts of Congress, to the plaintiffs’ damage four thousand dollars. The defendant demurred to this count, to -which there was a joinder, and on March 18, 1878, the demurrer was overruled by the chief justice presiding at the circuit, and an appeal was then taken to the general term.
On behalf of the demurrer it was contended that the fee in the street being in the United States, and not in the property-owners, it is competent for Congress to authorize the street to be used by the railroad company in the construction of its l’oad without compensation to adjoining owners, or to the municipality, and without the consent, and even against the wishes, of either. (2 Dillon on Municipal Corp., sec. 556.) That the right of the property-owner to compensation for depreciation in the value of his property, resulting from the laying of tracks in the street, depends upon the statute, and can only be ascertained and awarded in the manner prescribed by the statute. Even, where a railroad company is authorized by the Legislature to enter upon lands of an individual, the acts of the railroad company assume, under the sanction of such law, a legal character. Even in the case of entry upon the lands of an individual, the proceedings of the company being rendered legal by the statute, the common-law remedy based upon their illegality becomes inapplicable, and is by necessary implication taken away. “If an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner.” (Dwarris on Statutes, 641.) When the Legislature authorizes the construction of a railroad track across the land of individuals, and damages are supposed to result to their property, and a mode is provided by statute for the assessment and payment of the same, the remedy for the person injured is then. confined to the mode provided by the *364 statute, and none exists at common law. Plaintiffs, therefore, have sustained no injury from the failure of defendant to institute statutory proceedings. Besides, even if the power and duty of beginning the proceedings had been exclusively devolved on the company, it may well be doubted whether ¡Dlaintiffs could maintain an action at law for tbe failure of the company to perform the duty. The remedy would be by mandamus to compel the company to perform that duty.
On the part of the plaintiffs it was contended that the statute puts the initiative upon the company; that it gives the corporation the right to lay their track a long the highway, provided they should pay to the owners of adjoining property the damage their property might suffer; that the statute provides a way iu which its damages shall be ascertained by the act of 1867, which says the corporation shall cause the assessments to be made; and that, take the statutes altogether, they say that the corporation may lay the track along this street, provided it shall pay the damages to the adjoining property, and if it cannot agree with the owner it shall cause the damages to be assessed, &c. Several authorities were cited by the respective counsel.
The court came unanimously to the conclusion, that although the railroad company, by virtue of the acts of Congress, could lay their tracks along the street in front of plaintiff’s lots, yet they were required to agree with the owner in respect of the amount of damages which he might suffer from that use of the street, and in case they were unable to agree with such owner, then they were to cause the same to be assessed by a jury in a particular mode and mauner prescribed by the statute, so that the protection to the lot-owner was embraced in the same act which authorized the corporation to lay their railroad tracks for the purpose of passing their trains along Sixth street. This process of adjusting the damages was to originate with the company. In this instance they neither agreed with the owner nor did they take any stops to ascertain the value of the damages by the action of a jury, as contemplated by the law. The court decides that under these *365 circumstances the plaintiffs can maintain an action on the case against the railroad company for its neglect in not complying with the statute in this respect, and that the plaintiff is entitled to recover in such action all the damages resulting to his property. The chief justice appeared to think that the lot-owner could sue the company at common law for the injuries resulting to his property from this use of the street; while Justice Wylie expressed the opinion, that without the statute no action would lie. It, however, became unnecessary to determine how far the company would be liable at common law alone, since the action here is for a breach of duty imposed upon the defendant by an act of Congress.
James G. Payne, for plaintiffs.
Edwin L. Stanton and A. S. Worthington, for defendant.
Judgment affirmed.